IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PITTSBURGH LOGISTICS SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) 2:20-CV-01162-CCW ) ) |
| vs. | ) ) ) |
| GLEN ROSE TRANSPORTATION MANAGEMENT, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF TEXAS**

Before the Court is Defendant Glen Rose Transportation Management's Motion to Dismiss for lack of venue and subject matter. ECF No. 8. After reviewing the pleadings, the Court finds that although venue is proper under 28 U.S.C. § 1391(b)(2), for the convenience of parties and witnesses, the interest of justice favors transferring the case to the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

    **I.   Introduction and Factual Background**

Plaintiff is a Pittsburgh-based non-asset-based logistics company that provides logistics services, including brokerage services, to clients across the country. Compl., ECF No. 1, at ¶¶ 1, 7, 20, 22. Defendant is a Texas-based flatbed freight broker that competes with Plaintiff with respect to freight brokerage. Compl., ECF No. 1, at ¶¶ 2, 23–24. Plaintiff alleges that one of its former employees, Andrew Barricks, breached his employment agreement with Plaintiff and conspired with Defendant, his new employer, to steal Plaintiff's trade secrets and gain an unfair competitive advantage. *See generally*, Compl., ECF No. 1. Mr. Barricks worked for Plaintiff in

1

Dallas County, Texas and then went to work for Defendant in Texas. Br. in Supp. of Mot. to Dismiss, ECF No. 9, at 2, 7. Defendant contends that, to the extent Mr. Barricks accessed Plaintiff's trade secrets, he did so from a computer in Texas. Br. in Supp. of Mot. to Dismiss, ECF No. 9, at 2. Plaintiff contends that its trade secrets that Mr. Barricks accessed were located on Plaintiff's servers in Western Pennsylvania and "[b]y using Mr. Barricks as a conduit to access information on PLS's servers located in Western Pennsylvania, Glen Rose essentially reached into Pennsylvania." Br. in Opp. to Mot. to Dismiss, ECF No. 14, at 6–7. One of Plaintiff's clients called one of Plaintiff's Dallas, Texas employees to inform Plaintiff that Mr. Barricks solicited its business. Compl., ECF No. 1, at ¶ 20.

## II.     Legal Standards

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), the Court generally accepts all factual allegations in the complaint as true; however, "parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft v. AAI Corp.*, 355 F.Supp.2d 757, 762 (M.D. Pa. 2005); s*ee also S. Polymer, Inc. v. Master Extrusion, LLC*, Civil Action No. 15-cv-1696, 2016 U.S. Dist. LEXIS 44189, at *2 (W.D. Pa. Mar. 30, 2016); 2 Moore's Federal Practice – Civil § 12.32, at *4 (2020). The burden is on the movant to demonstrate that venue is improper. *Joe Hand Promotions, Inc. v. Sheshadeh*, Civil Action No. 18-4119, 2019 U.S. Dist. LEXIS 79206, at *5 (E.D. Pa. May 10, 2019).

"Venue refers to locality, the place where the lawsuit should be heard. The key to venue is that it 'is primarily a matter of choosing a convenient forum.'" *S. Polymer*, 2016 U.S. Dist. LEXIS 44189, at *14 (*quoting Leroy v. Great W. United Corp*., 443 U.S. 173, 180 (1979)). Federal law is clear:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In assessing whether events or omissions giving rise to the [plaintiff's] claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). To decide if "a substantial part of the events or omissions giving rise to a contract claim occurred in the district, courts consider: where the contract was negotiated or executed; where it was performed; and where the breach occurred." *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.,* Civ. Action No. 08-371, 2008 U.S. Dist. LEXIS 31541, at *2 (E.D. Pa. Apr. 16, 2008). The moving party bears the burden to prove that venue is improper. *Post Acute Med., LLC v. LeBlanc*, 826 Fed. Appx. 163, 165 (3d Cir. 2020).

The goal of the substantiality requirement is to "preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman*, 36 F.3d at 294; *PNC Bank, N.A. v. Molen*, 2:17-cv-00867-AJS-CRE, 2017 U.S. Dist. LEXIS 134266, at *6 (W.D. Pa. Aug. 21, 2017).

Even if venue is proper, if doing so is in the interest of justice, a court may transfer a case to another proper venue for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). A court may transfer a case under § 1404 *sua sponte*. *See Danzinger & De Llano, LP v. Morgan Verkammp, LLC*, 948 F.2d 124, 132 (3d Cir. 2020). The Third Circuit articulated a non-exhaustive list of factors that guide a court's decision to transfer a case under § 1404(a). *Jumara v. State Farm*

*Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Those factors are subdivided into six public and six private factors. *Id.; see also*, 17 Moore's Federal Practice – Civil § 111.13 (2020).

The factors regarding private interests are: (1) the plaintiff's original forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) the location of books and records. *Jumara*, 55 F.3d at 879.

The six factors that relate to public interests are: (1) enforceability of the judgment; (2) the "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) court congestion in the competing fora; (4) local interest in deciding a controversy at home; (5) the fora's public policies; and (6) the trial judge's familiarity with applicable state laws in diversity cases. *Id.*; *see e.g.*, *InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, 2012 U.S. Dist. LEXIS 44721 (E.D. Pa. Mar. 30, 2012).

### III. Application

#### A. Venue is Proper in the Western District of Pennsylvania

Venue decisions are fact intensive. *Crayola LLC v. Buckley,* 179 F.Supp.3d 473, 478 (E.D. Pa. 2016). Here, venue is not proper in this District under 28 U.S.C. § 1391(b)(2)'s substantial events/omissions prong. *See e.g., Crayola*, 179 F.Supp.3d at 480. Other Courts in his Circuit have reached the same conclusion under similar circumstances. In *Crayola v. Buckley*, Crayola alleged that its Arkansas-based former employee breached a non-compete agreement and misappropriated confidential information that was stored on its servers in Pennsylvania to benefit his current employer, an Arkansas-based competitor of Crayola. *Id*. As in this case, the only connection with Pennsylvania was that the plaintiff was a Pennsylvania business and proprietary information that the former employees allegedly stole was located on servers within Pennsylvania. *Id*. The court

4

held that venue was improper because "[n]o 'substantial part of the events or omissions giving rise to the claim' occurred in [the Eastern District of Pennsylvania.]" *Id.* at 478 (quoting 28 U.S.C. § 1391(b)(2)). Accordingly, here, as in *Crayola,* venue is improper based on the location of the substantial parts of the events or omissions giving rise to the claim.

However, unlike the plaintiff in *Crayola*, Plaintiff here alleged that Defendant misappropriated not only proprietary information, but also Plaintiff's trade secrets—a protectable property interest. *See* Compl., ECF No. 1, Count III; *see also*, *SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*, Civil Action No. 17-13777, 2018 U.S. Dist. LEXIS 115964, at *9 (E.D. Pa. July 12, 2018). "Trade secrets have a situs in their state of origin, and that [] can be enough to establish proper venue in that state." *Neopart Transit, LLC v. Mgmt. Consulting, Inc.*, Civil Action No. 16-3103, 2017 U.S. Dist. LEXIS 25255, at *21 (E.D. Pa. Feb. 23, 2017) (internal quotation marks omitted); *Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation, LLC*, No. 08-4503, 2009 U.S. Dist. LEXIS 3570, at *2 (E.D. Pa. Jan. 13, 2009); *see also*, *Crayola*, 179 F.Supp.3d at 479 (finding that venue was improper in part because the plaintiff did not allege misappropriation of trade secrets). A trade secret is located where the owner resides. *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 261 (3d Cir. 2000); *see Paolino v. Channel Home Ctrs.,* 668 F.2d 721, 724 n.3 (3d Cir. 1981) (stating that stealing a Pennsylvania trade secret "obviously would cause harm in Pennsylvania no matter where the misappropriation occurred."). Accordingly, venue is proper in misappropriation cases where the trademarks' owner resides because that is the location of the property over which the dispute arose pursuant to 28 U.S.C. § 1391(b)(2). *Neopart Transit,* 2017 U.S. Dist. LEXIS 25255, at *24; *SMA Med. Labs.*, 2018 U.S. Dist. LEXIS 115964, at *9.

Here, Plaintiff alleged that Defendant conspired with Mr. Barricks and misappropriated its trade secrets that were located where Plaintiff resides in Western Pennsylvania. Compl., ECF No. 1, at Count III. Accordingly, venue is proper in this District.

### B. The Interest of Justice Favors Transfer to the Western District of Texas

A lawsuit can only be transferred under § 1404(a) to a court where the case could have initially been filed. 28 U.S.C. § 1404(a). The Western District of Texas is one such court because, as Plaintiff alleged, Defendant is a resident of the Western District of Texas. Compl., ECF No. 1, at ¶ 2. Accordingly, Defendant is subject to proper general subject matter jurisdiction in federal courts in Texas and venue is proper there. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (corporations are subject to general jurisdiction in their place of incorporation and their principal place of business); 28 U.S.C. § 1391(b)(1) (venue is proper where any defendant resides if they all reside in the state where the district is located).

Given that the Western District of Texas is a court where the case could have been brought, the Court next looks to whether the interests of justice favor transfer under the *Jumara* factors. After considering the *Jumara* factors, the Court concludes that transfer to the Western District of Texas is appropriate.

#### 1. Private Factors

Of the six private factors, only the plaintiff's original choice of forum weighs against transfer. While the plaintiff's choice of forum warrants "deference," it receives less weight where, as here, the "the cause of action did not occur in the selected forum." *SMA Med. Labs.*, 2018 U.S. Dist. LEXIS 115964, at *10; *Paul Green Sch. of Rock Music Franchising*, 2009 U.S. Dist. LEXIS 3570, at *9. Here, the events that gave rise to Plaintiff's claims occurred exclusively in Texas; therefore, this factor weighs slightly against transfer.

Defendant evidenced its preference to litigate in a forum other than the Western District of Pennsylvania by filing its Motion to Dismiss.  In addition, Texas is where the majority of the conduct that the Defendant allegedly undertook occurred, and where several of the witnesses, including Mr. Barricks, reside.  *See* Compl., ECF No. 1, at ¶ 20;  K. Morgan Decl., ECF No. 8-1, at ¶ 6.  All of these factors weigh in favor of transfer.  *See SMA Med. Labs.*, 2018 U.S. Dist. LEXIS 115964, at *10;  *Paul Green Sch. of Rock Music Franchising*, 2009 U.S. Dist. LEXIS 3570, at *10.

Furthermore, although Plaintiff's principal place of business is located in this District, Plaintiff has employees in Texas, employed Mr. Barrick in Texas, and does business in Texas with the customers whose relationships with Plaintiff are the substance of this litigation.  Texas is not an inconvenient forum for Plaintiff.  *See* Compl., ECF No. 1, at ¶ 20;  K. Morgan Decl., ECF No. 8-1 at ¶ 6–7.  These factors weigh strongly in favor of transfer.

There is no suggestion that the availability of books and records would affect this litigation, so that factor is neutral.

The majority of the private *Jumara* factors favor transfer.

### 2. Public Factors

The public factors also weigh in favor of transfer.  Here, any judgment could be enforced regardless of which venue the case proceeds in, so that factor is neutral.  Similarly, congestion of the competing fora is neutral;  neither this Court nor the Western District of Texas have vacant judicial seats and the Western District of Texas operates with three more active judges than this Court does.  *Judicial Nominations*, AMERICAN CONSTITUTION SOCIETY, https://www.acslaw.org/judicial-nominations/ (last visited Dec. 16, 2020).  As of September 2020, the average time from filing to disposition for civil cases in this Court was 5.6 months (5th fastest district in the United States), compared with 6.4 months (12th fastest) in the Western District of

Texas.  However, the Western District of Texas has faster filing-to-trial times for civil cases than the Western District of Pennsylvania.  *See Federal Court Management Statistics—Profiles*, UNITED STATES COURTS, (September 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf. Therefore, court congestion is neutral.

Practical considerations that would make trial easier favor transfer because many of the witnesses, including Mr. Barricks, reside in Texas.  *See* Compl., ECF No. 1, at ¶ 20;  K. Morgan Decl., ECF No. 8-1, at ¶  6

The local interest and public policies of the fora weigh in favor of transfer because "while Pennsylvania does have an interest in protecting its trade secrets[,]" the actions at issue occurred in Texas and would have an impact most directly upon businesses and individuals in Texas and the community around them.  Most, if not all, of the conduct that comprised the causes of action occurred in Texas.  Pennsylvania's interest in protecting the rights of its citizens does not outweigh Texas' interest related to the conduct that occurred there.  *See SMA Med. Labs.*, 2018 U.S. Dist. LEXIS 115964, at *14;  *see also, Healthcare Serv. Grp., Inc. v. Moret,* Civil Action No. 119-2260, 2019 U.S. Dist. LEXIS 6117353, at *19 (E.D. Pa. Nov. 15, 2019) (local interest favored transfer to Massachusetts where the conduct at issue occurred in Massachusetts).  Here, as in *Paul Green Sch. of Rock Music Franchising*, the local interest and policies favor transfer.  2018 U.S. Dist. LEXIS 115964, at *12.

The trial judge's familiarity with applicable Pennsylvania state laws is neutral because the judge in the Western District of Texas is capable of deciding the issues here because, to the extent that Pennsylvania law applies, Pennsylvania law on misappropriation and business torts is well-established.  Also, Texas judges are likely to be familiar with the Texas Uniform Trade Secrets

8

Act, a trade secrets act that is similar to the Pennsylvania statute at issue.  *See* Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*.;  12 Pa. C.S.A. § 5301 *et seq.*.

On the whole, the *Jumara* public factors favor transfer.

### IV.     Conclusion

For the foregoing reasons, the case is HEREBY TRANSFERRED pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Texas.  The Defendants' Motion to Dismiss is denied with respect to venue and denied with respect to jurisdiction as moot.  This Court defers to the Western District of Texas regarding Defendants' Motion to Dismiss with respect to Defendants' Rule 12(b)(6) arguments.

DATED this 17th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record