IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PITTSBURGH LOGISTICS SYSTEMS, INC.,** § | | |
| *Plaintiff,* § | | W-20-CV-01173-ADA-DTG |
| § | | |
| v. § | | |
| § | | |
| **GLEN ROSE TRANSPORTATION MANAGEMENT,** § | | |
| *Defendant.* § | | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 51) and Defendant's Motion for Summary Judgment (ECF No. 46). The Court held a hearing on the Motions on July 19, 2022. After considering the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that both Motions be **DENIED**.

I. FACTUAL BACKGROUND

Plaintiff Pittsburgh Logistics Systems, Inc. ("PLS") operates a logistics services brokerage. ECF No. 45 at 1. PLS maintains proprietary information about its customers for its brokerage efforts. *Id.* at 2. Defendant Glen Rose Transportation Management ("GRTM") is a

1

Texas freight broker specializing in flatbed and refrigerated freight, as well as providing a wide array of logistics functions. *Id.* at 2. PLS and GRTM are competitors. *Id.*

PLS hired Andrew Barricks in 2012. *Id.* In his employment with PLS, Mr. Barricks dealt with customer development and interacted with customers to meet their needs. *Id.* at 2–3. On March 9, 2020, GRTM hired Mr. Barricks as a salesman. *Id.* at 10. Mr. Barricks terminated his employment with PLS on April 14, 2020. *Id.* On April 9, 2020, Mr. Barricks emailed personal files and a customer list titled "AJ Lifetime Numbers 8.14.19" from his PLS email account to his personal email account. *Id.* at 5–6. After Mr. Barricks left PLS, six of PLS's customers left PLS and began working with GRTM. ECF No. 46 at 11.

PLS subsequently sued GRTM for tortious interference with contract, tortious interference with business relationships, misappropriation, unjust enrichment, and civil conspiracy. ECF No. 1. GRTM and PLS filed competing motions for summary judgment. See ECF Nos. 46, 51. In a separate action in the Southern District of Texas, PLS sued Barricks. After briefing concluded on the parties' competing motions for summary judgment, the Southern District of Texas held a bench trial and issued Findings of Fact and Conclusions of Law. ECF 57-1. Included in those Findings of Fact and Conclusions of Law are these facts and conclusions relevant to the motions for summary judgment presently before the Court:

1. Mr. Barricks accidentally emailed himself the spreadsheet with the confidential information;
2. Mr. Barricks did not use the spreadsheet while employed by GRTM;
3. Mr. Barricks did not call the customers while at GTRM and instead those customers contacted him;
4. There was no evidence that Mr. Barricks used PLS's trade secrets;

    5. Mr. Barricks was not liable for misappropriation;

    6. Mr. Barricks breached the non-solicitation agreement; and

    7. Mr. Barricks did not breach the confidentiality agreement.

ECF 57-1. In light of the Southern District of Texas's rulings, at the hearing on the motions for summary judgment, Plaintiff withdrew all remaining causes of action except for its tortious interference with business relationships and unjust enrichment claims.[1]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014). A material fact will have a reasonable likelihood to affect the outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden of proving a lack of a genuine dispute of material fact lies with the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the fact that the court believes that the non-moving party will not succeed at trial is an insufficient reason to grant summary judgment for the moving party. *See Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). Yet, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

---

[1] PLS had previously voluntarily withdrawn its misappropriation claim.

not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must show a genuinely disputed fact by citing parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(c)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995).

## III. DISCUSSION

### A. Tortious Interference with Business Relationships

PLS and GRTM both assert that they are entitled to summary judgment on PLS's tortious interference with business relationships claim. ECF No. 51 at 15; ECF No. 46 at 17. Tortious interference with business relationships requires a plaintiff to prove: (1) a continuing business relationship existed; (2) defendant intentionally interfered with the relationship; (3) defendant's conduct was independently tortious or unlawful; (4) defendant's conduct proximately caused plaintiff's injury; and (5) actual damage or loss resulted from the defendant's action. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

While PLS's briefing focused on Mr. Barricks' alleged misappropriation as the independently tortious or unlawful conduct, at the hearing PLS asserted that Mr. Barricks' breach of the non-solicitation agreement constitutes the independently tortious or unlawful

4

conduct required for its tortious interference with business relationships claim. ECF No. 51 at 12 ("Defendant's conduct was independently tortious or unlawful under common law misappropriation, which is an independent tort sufficient to support a tortious interference with business relationships claim."). Indeed, PLS can no longer rely on misappropriation as the alleged independently tortious or unlawful conduct, as it has dropped its misappropriation claim and Judge Ellison determined that there was no misappropriation by Mr. Barricks. ECF No. 57. PLS seeks to impute Mr. Barricks' breach of the non-solicitation agreement to his employer, GRTM. In response, GRTM claimed that the law requires more when a party seeks to impose liability on a third party to a contract.

Mr. Barricks did not sign the non-solicitation agreement as an agent for GRTM. Even so, PLS asserts that Mr. Barricks' obligation and knowledge can be imputed to GRTM based on his position as a manager with GRTM. Alternatively, PLS claims that GRTM's knowledge of the non-solicitation agreement and Mr. Barricks' breach at least as of the date it filed suit (August 3, 2020) and therefore the liability can be imputed to GRTM on that basis. GRTM asserts that the breach of the non-solicitation agreement does not rise to the level of independently tortious or wrongful conduct for a tortious interference with business relationships claim.

Neither party has established that they are entitled to summary judgment. PLS's near exclusive reliance on the finding that Mr. Barricks breached the non-solicitation agreement does not quite establish every element of the tortious interference with business relationships claim as a matter of law. Unlike PLS, GRTM need not negate each element as a matter of law. Rather, to prevail on summary judgment, GRTM must conclusively negate just one element of PLS's tortious interference with business relationships claim. While PLS's ability to recover from GRTM for tortious interference with business relationships based on the breach of a non-

solicitation agreement that an employee of GRTM signed in his personal capacity before becoming an employee of GRTM may be limited, GRTM has not conclusively established that the breach of the non-solicitation agreement cannot be imputed to GRTM at least as of August 3, 2020 or that breach of a contract cannot be unlawful conduct that would give rise to a tortious interference with business relationships claim. GRTM cites no case law holding that breach of a contract cannot be considered unlawful conduct for a tortious interference with business relationships claim. GRTM further offers no evidence disputing PLS's claim that it knew of the non-solicitation agreement as of at least August 3, 2020.

The Court therefore **RECOMMENDS** that both PLS and GRTM's Motions for Summary Judgment on PLS's tortious interference with business relationships claim be **DENIED**.

**B. Unjust Enrichment**

PLS asserts that it has established its unjust enrichment claim as a matter of law. ECF No. 51 at 16. GRTM claims it is entitled to summary judgment on PLS's unjust enrichment claim because it has committed no fraud, duress, or taken an undue advantage. ECF No. 46 at 17.

PLS claims that GRTM was unjustly enriched by "engaging PLS's former customers to leave PLS and engage in business with [GRTM]" which "resulted in the wrongful receipt of $925,663.04 in gross revenue ($196,779.21 in gross margins)" to GRTM. ECF No. 51 at 21. GRTM asserts that it did not participate in the breach of any contract, nor did it encourage Mr. Barricks to breach a contract or otherwise interfere with PLS's business relationships. ECF No. 48 at 24.

A party may recover for unjust enrichment when one person has benefited from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros, Inc. v. City of Corpus*

*Christi*, 832 S.W.2d 39, 41 (Tex. 1992). A party may not recover for unjust enrichment for merely unfortunate business events. *Id.* at 42.

Neither party has established their right to summary judgment on PLS's unjust enrichment claim. Judge Ellison determined that Mr. Barricks breached the non-solicitation agreement with PLS. While GRTM is not a party to the non-solicitation agreement, a reasonable factfinder could determine that GRTM was unjustly enriched by its employee's breach of a non-solicitation agreement and GRTM's potential ratification of this breach by continuing business relationships with the 6 customers. Summary judgment is therefore inappropriate at this stage. GRTM simply makes the conclusory allegation that it has not benefited from fraud, duress, or undue advantage, but does not explain how it is still entitled to summary judgment considering the determination that its employee breached a non-solicitation agreement by servicing new customers for GRTM. GRTM does not prove that as a matter of law, GRTM cannot be found liable for unjust enrichment because of its employee breaching a non-solicitation agreement in the course of its employment for GRTM. While Mr. Barricks signed the non-solicitation agreement in his personal capacity and not as GRTM's agent, the actions that resulted in Mr. Barricks' breach of the non-solicitation agreement were taken in the course of his employment for GRTM. As a result, a reasonable factfinder could find that Mr. Barricks' breach of the non-solicitation agreement caused GRTM to obtain a benefit from an undue advantage and thus be unjustly enriched. On the other hand, PLS has not proven that GRTM was unjustly enriched as a matter of law through Mr. Barricks' breach of the non-solicitation agreement. Given that GRTM was not a party to the non-solicitation agreement, a reasonable factfinder could determine that GRTM was not unjustly enriched. As a result, the Court believes summary judgment is inappropriate at this stage.

The Court therefore **RECOMMENDS** that both PLS and GRTM's Motions for Summary Judgment on PLS's unjust enrichment claim be **DENIED**.

## IV.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Plaintiff's Motion for Summary Judgment (ECF No. 51) and Defendant's Motion for Summary Judgment (ECF No. 46) be **DENIED**.

## V.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 27th day of October, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE